## WYER vs. WINCHESTER.

Appeal from the court of the first district.

Martin, J. delivered the opinion of the court. The petition filed by the insolvents before the failure, states that the present defendant has caused a writ of fi. fa. against Ward

A surviving partner being a joint tenant may alone resist the tortiou sale of the joint estate of the partnership establishes his

East'nDistrict.
*Jan.* 1824.

WYER
*vs.*
WINCHESTER

right to a property under a different title, than that which he set up, and judgement be rendered thereon in his favor, this court will not disturb the judgement by which substantial justice has been done.

Mortgages do not prevent the vendor & mortgagor from passing away his right, although they may enable the mortgagee to disturb the vendee.

and Goodall, to be levied on two lots of ground, herefore legally and bonafide sold by the defendants in the fi fa. to the plaintiff's insolvents.    Whereupon an injunction was granted.

The injunction was made perpetual and Winchester appealed.

The plaintiff introduced,

1st. A notarial deed of sale of the premisses, from the widow Henry to R. Ward.

2nd. Another from R. Ward to the insolvents, of December 29th, 1821.

It was admitted that N. Wyer. one of the insolvents, died in December 1819, and that the other, W. Wyer, continued to do business as before, under the firm of W. & N. Wyer, until his failure; and that the partnership while it existed was an ordinary commercial one.

The defendants introduced two writs of Fi. Fa's. in the suits, Winchester vs. Ward and Goodall.

The first issued April 30th, 1822, and was returned *nulla bona*, on the 30th of September following.    The *alias* issued on the 3d of Dec. 1822, and returned on the 26th of May, 1823, "levied on two lots, &c."

The counsel for the appellant insists on a plea of abatement filed on the ground that W. Wyer was not *in rerum natura,* but dead at the time of the inception of the suit.

That the lots were bought by R. Ward, and not by Ward & Goodall, as is stated in the petition.

That he had no authority to sell the lot, without the concurrence of Goodall, and could not give a bill of sale in his individual name.

That the sale was accepted by W. Wyer by his subsribing the 1st deed of sale, W. & N. Wyer, the style of a firm that had then long ceased to exist.

That the mortgage of Ward's vendor (Mrs. Henry) was not at the time of the alleged sale to the insolvents, cancelled.

That the lots were at the time, burdened with several other mortgages, &c.

The suit was incorrectly brought in the name of both partners, when one of them was dead—but the death being admitted on record, there appears no utility to dismiss this suit, in order that the heir of the deceased partner may be compelled to insitute another, in his own name. The surviving partner, being a joint tenant, may well resist, alone, the torti-

ous sale of the joint estate, as he is seized *per my* and *per tout*    As the defendants permitted K. Ward's deed to be read in evidence, and it has established the plaintiffs right to the land, under a different title than the one set up, the judgement of the district court cannot be disturbed by us, as it did substantial right.

A. Ward was the real and nominal owner he had certainly a right to sell.

The acceptance of the surviving partner appears to us sufficient to establish the partnership title.

Mortgages do not prevent the vendor and mortgagor from passing away his right, although they enable the mortgagee to disturb the vendee.

It is therefore ordered, adjudged, and decreed, that the judgement of the district court be affirmed, with costs.

*Livermore* for the plaintiff, *M'Caleb* for the defendant.